UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL T. TURNER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-138 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Samuel Turner to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied without prejudice.

Movant was convicted of felon in possession of a firearm and was sentenced to 180 months' imprisonment. *United States v. Turner*, No. 1:09-CR-184 SNLJ. He challenged his sentence under Section 2255 in September 2011. *Turner v. United States*, No. 1:11-CV-178 SNLJ. The Court denied the motion on the merits.

In this case, movant argues that his sentence is unconstitutional after *Johnson v. United States*, 135 S.Ct. 2551 (2015). He has filed an application for permission to file a successive motion to vacate in the Court of Appeals for the Eighth Circuit, which remains pending. *Turner v. United States*, No. 16-2138 (8th Cir.). Movant seeks to hold the instant case in abeyance pending the decision of the Court of Appeals.

The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Because movant has not received permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion or to hold this matter in abeyance. Therefore, the motion is denied, and this action is dismissed without prejudice.

Finally, movant has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Samuel Turner to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 21st day of June, 2016.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE